UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VENTURA CONTENT, AVV,<br><br>               Plaintiff<br><br>v.<br><br>MANSEF, INC. d/b/a MANSEF PRODUCTIONS, INC. and 6721851 CANADA INC. d/b/a INTERHUB, INC.<br><br>               Defendants | Civil Action No. 10 CV 1149 (SAS)(AJP)<br><br>**DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT** |

Defendants, Mansef, Inc. ("Mansef") and 6721851 Canada Inc. d/b/a Interhub, Inc. ("Interhub") (collectively, "Defendants"), by and through their attorneys, answer Plaintiff Ventura Content, AVV's ("Ventura" or "Plaintiff") First Amended Complaint for Declaratory and Injunctive Relief and Damages (the "First Amended Complaint") as follows:

## INTRODUCTION

1. This Paragraph contains Plaintiff's characterization of this lawsuit and requires no response. If a response is required, Defendants admit that advancements in digital technology have revolutionized how consumers inform and entertain themselves. Defendants deny that they seek to take advantage of the potential of digital technology by offering services intentionally built on the exploitation of copyrighted works. Defendants deny knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 1 of the First Amended Complaint.

2. This Paragraph contains Plaintiff's characterization of this lawsuit and requires no response. If a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that Ventura devotes substantial resources to

develop and produce high quality, professionally-made adult videos and distribute them in conformity with the record keeping and labeling requirements imposed under Federal Law. Defendants deny the remaining allegations in Paragraph 2 of the First Amended Complaint.

3.  Defendants admit that as of the date of the commencement of this lawsuit, they operated the websites at the domain names www.keezmovies.com, www.pornhub.com, www.extremetube.com, and www.tube8.com (collectively, the "Tube Sites"). Defendants deny the remaining allegations in Paragraph 3 of the First Amended Complaint.

4.  Defendants deny the allegations in Paragraph 4 of the First Amended Complaint.

5.  Defendants deny the allegations in Paragraph 5 of the First Amended Complaint.

6.  Defendants admit that Paragraph 6 of the First Amended Complaint quotes excerpts posted on the websites at the domain names www.pornhub.com, stating that "[t]he PornHub team is always updating and adding more porn videos every day. It's all here and 100% free porn", and www.extremetube.com, stating that "Fresh new porn videos are updated daily! Extreme tube is the one-stop shop for free hardcore sex porn tube videos." Defendants deny the remaining allegations in Paragraph 6 of the First Amended Complaint.

7.  Defendants deny the allegations in Paragraph 7 of the First Amended Complaint.

8.  The allegations in Paragraph 8 of the First Amended Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 8 of the First Amended Complaint.

### PARTIES

**Ventura**

9.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the First Amended Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the First Amended Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the First Amended Complaint.

12. Defendants deny that they have infringed (1) any copyrighted works or compilations owned by Plaintiff or (2) any works or compilations listed in Exhibit A to the First Amended Complaint. Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the First Amended Complaint.

**Defendants**

13. Defendants admit that Mansef is a federally incorporated Canadian company regulated by the Canada Business Corporations Act. Defendants otherwise deny the allegations in Paragraph 13 of the First Amended Complaint.

14. Defendants state that 6721851 Canada Inc. d/b/a Interhub Inc. ("Interhub") is a federally incorporated Canadian company regulated by the Canada Business Corporations Act. Defendants otherwise deny the allegations in Paragraph 14 of the First Amended Complaint.

15. Defendants admit that Mansef is owned by 6890709 Canada Inc., 6890750 Canada Inc., and 6889336 Canada Inc. Defendants state that Mansef also is owned by 6889379 Canada Inc. and 6889328 Canada Inc. Defendants further admit that 6890709 Canada Inc. is owned by Salam Said, a Vice President of Mansef and that 6890750 Canada Inc. is owned by Stephane Manos, a Vice President of Mansef. Defendants further state that 6889379 Canada Inc. is owned by Matthew Keezer, that 6889328 Canada Inc. is owned by Hassan Youssef, and that 6889336 Canada Inc. is owned by Ouissam Youssef, President of Mansef. Defendants otherwise deny the allegations in Paragraph 15 of the First Amended Complaint.

16. Defendants admit that Interhub is owned by 6890750 Canada Inc., 6889379 Canada Inc., and 6889336 Canada Inc. Defendants state that Interhub also is owned by 6890709 Canada Inc. and 6889328 Canada Inc. Defendants further admit that 6890750 Canada Inc. is owned by Stephane Manos and that 6889379 Canada Inc. is owned by Matthew Keezer. Defendants further add that 6889336 Canada Inc. is owned by Ouissam Youssef. Defendants otherwise deny the allegations in Paragraph 16 of the First Amended Complaint.

17. Defendants admit that Traffic Junky Inc. ("TrafficJunky") is owned by 6890709 Canada Inc., 6889336 Canada Inc., and 6890750 Canada Inc. Defendants state that TrafficJunky also is owned by 6889379 Canada Inc. and 6889328 Canada Inc. Defendants further admit that Salam Said, Matthew Keezer, Ouissam Youssef, and Stephane Manos are officers of TrafficJunky. Defendants otherwise deny the allegations in Paragraph 17 of the First Amended Complaint

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 18 of the First Amended Complaint that the website at the domain name www.pornhub.com ranks among the top fifty websites in the world and among the top thirty-five websites in the United States with approximately 30% of its visitors located in the United States. Defendants deny the remaining allegations in Paragraph 18 of the First Amended Complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 19 of the First Amended Complaint that Keez has grown rapidly in popularity and is now one of the 200 most popular websites in the world in terms of the number of visitors, with approximately 30% of its users located in the United States. Defendants deny the remaining allegations in Paragraph 19 of the First Amended Complaint.

20. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 20 of the First Amended Complaint that Tube8 ranks among the top 80 websites in the world and in the United States in terms of the number of visitors, with approximately 22% of its users located in the United States. Defendants deny the remaining allegations in Paragraph 20 of the First Amended Complaint.

21. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 21 of the First Amended Complaint that the website at the domain name www.extremetube.com is ranked among the top 1000 websites in the United States and the world and that approximately 28% of its users are located in the United States. Defendants deny the remaining allegations in Paragraph 21 of the First Amended Complaint.

22. Defendants deny the allegations in Paragraph 22 of the First Amended Complaint.

## JURISDICTION AND VENUE

23. Defendants incorporate by reference their responses to Paragraphs 1 to 22 and 31 to 81 as though fully set forth at length in Paragraphs 26 to 30 herein.

24. Defendants state that the First Amended Complaint speaks for itself, but deny that Plaintiff has a valid claim or is entitled to the relief requested.

25. Defendants state that the allegations in Paragraph 25 of the First Amended Complaint call for a legal conclusion to which a response is not required. If a response is required, Defendants deny that Plaintiff has a valid claim or is entitled to the relief requested.

26. Defendants state that the allegations in Paragraph 26 of the First Amended Complaint call for a legal conclusion to which a response is not required. Defendants deny the remaining allegations in Paragraph 26 of the First Amended Complaint.

27. Defendants state that the allegations in Paragraph 27 of the First Amended Complaint call for a legal conclusion to which a response is not required. If a response is required, Defendants deny the allegations in Paragraph 27 of the First Amended Complaint.

28. Defendants state that the allegations in Paragraph 28 of the First Amended Complaint call for a legal conclusion to which a response is not required. If a response is required, Defendants deny the allegations in Paragraph 28 of the First Amended Complaint.

29. Defendants state that the allegations in Paragraph 29 of the First Amended Complaint call for a legal conclusion to which a response is not required. If a response is required, Defendants deny the allegations in Paragraph 29 of the First Amended Complaint.

30. Defendants state that the allegations in Paragraph 30 of the First Amended Complaint call for a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the allegations of Paragraph 30 of the First Amended Complaint.

## NATURE OF THE ACTION

31. Defendant's deny the allegations in Paragraph 31 of the First Amended Complaint that they have appropriated and/or exploited Plaintiff's copyright works. The remainder of Paragraph 31 of the First Amended Complaint states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny all of the allegations in Paragraph 31 of the First Amended Complaint.

32. Defendants admit that the Tube Sites provide access to their respective libraries of online adult videos that Internet users may view free of charge. Defendants deny the remaining allegations in Paragraph 32 of the First Amended Complaint.

33.     Defendants admit the allegations in Paragraph 33 of the First Amended Complaint and are one method for a user to gain access to the Tube Sites.

34.     Defendants deny the allegations in Paragraph 34 of the First Amended Complaint.

35.     Defendants admit that users view content on the Tube Sites by clicking on a thumbnail. Defendants deny the remaining allegations in Paragraph 35 of the First Amended Complaint.

36.     Defendants admit that Paragraph 36 of the First Amended Complaint quotes an excerpt posted on the website at the domain name www.pornhub.com that states "The PornHub team is always updating and adding more porn videos every day. It's all here and 100% free porn." Defendants deny the remaining allegations in Paragraph 36 of the First Amended Complaint.

37.     Defendants admit that the website at the domain name www.keezmovies.com lists the professional names of select actors and videos featuring those actors. Defendants further admit that both the Keez site and the Extremetube site require users to check a box to note whether the video is "professional" or "homemade." Defendants deny the remaining allegations in Paragraph 37 of the First Amended Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the First Amended Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the First Amended Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the First Amended Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the First Amended Complaint.

42.     Defendants admit that Paragraph 42 of the First Amended Complaint quotes an excerpt from the "Terms & Conditions" posted on the website at the domain name

www.keezmovies.com. Defendants deny the remaining allegations of Paragraph 42 of the First Amended Complaint.

43. Defendants deny the allegations in Paragraph 43 of the First Amended Complaint.

44. Defendants deny the allegations in Paragraph 44 of the First Amended Complaint.

45. Defendants deny the allegations in Paragraph 45 of the First Amended Complaint

## ANSWER TO CLAIMS FOR RELIEF

## COUNT I

### (Direct Copyright Infringement – Public Performance)

46. Defendants incorporate by reference their responses to Paragraphs 1 to 45 of the First Amended Complaint as though fully set forth herein.

47. Defendants deny the allegations of Paragraph 47 of the First Amended Complaint.

48. Defendants deny the allegations of Paragraph 48 of the First Amended Complaint.

49. Defendants deny the allegations of Paragraph 49 of the First Amended Complaint.

50. Defendants deny the allegations of Paragraph 50 of the First Amended Complaint.

51. Defendants deny the allegations of Paragraph 51 of the First Amended Complaint.

52. Defendants deny the allegations of Paragraph 52 of the First Amended Complaint.

## COUNT II

### (Direct Copyright Infringement – Public Display)

53. Defendants incorporate by reference their responses to Paragraphs 1 to 52 of the First Amended Complaint as though fully set forth herein.

54. Defendants deny the allegations of Paragraph 54 of the First Amended Complaint.

55. Defendants deny the allegations of Paragraph 55 of the First Amended Complaint.

56. Defendants deny the allegations of Paragraph 56 of the First Amended Complaint.

57.   Defendants deny the allegations of Paragraph 57 of the First Amended Complaint.

58.   Defendants deny the allegations of Paragraph 58 of the First Amended Complaint.

59.   Defendants deny the allegations of Paragraph 59 of the First Amended Complaint.

## COUNT III

### (Infringement of Ventura's Distribution Rights)

60.   Defendants incorporate by reference their responses to Paragraphs 1 to 59 of the First Amended Complaint as though fully set forth herein.

61.   Defendants deny the allegations of Paragraph 61 of the First Amended Complaint.

62.   Defendants deny the allegations of Paragraph 62 of the First Amended Complaint.

63.   Defendants deny the allegations of Paragraph 63 of the First Amended Complaint.

64.   Defendants deny the allegations of Paragraph 64 of the First Amended Complaint.

65.   Defendants deny the allegations of Paragraph 65 of the First Amended Complaint.

66.   Defendants deny the allegations of Paragraph 66 of the First Amended Complaint.

## COUNT IV

### (Contributory Copyright Infringement)

67.   Defendants incorporate by reference their responses to Paragraphs 1 to 66 of the First Amended Complaint as though fully set forth herein.

68.   Defendants deny the allegations of Paragraph 68 of the First Amended Complaint.

69.   Defendants deny the allegations of Paragraph 69 of the First Amended Complaint.

70.   Defendants deny the allegations of Paragraph 70 of the First Amended Complaint.

71.   Defendants deny the allegations of Paragraph 71 of the First Amended Complaint.

72.   Defendants deny the allegations of Paragraph 72 of the First Amended Complaint.

73.   Defendants deny the allegations of Paragraph 73 of the First Amended Complaint.

74.   Defendants deny the allegations of Paragraph 74 of the First Amended Complaint.

## COUNT V

### (Vicarious Copyright Infringement)

75.   Defendants incorporate by reference their responses to Paragraphs 1 to 74 of the First Amended Complaint as though fully set forth herein.

76.   Defendants deny the allegations of Paragraph 76 of the First Amended Complaint.

77.   Defendants deny the allegations of Paragraph 77 of the First Amended Complaint.

78.   Defendants deny the allegations of Paragraph 78 of the First Amended Complaint.

79.   Defendants deny the allegations of Paragraph 79 of the First Amended Complaint.

80.   Defendants deny the allegations of Paragraph 80 of the First Amended Complaint.

81.   Defendants deny the allegations of Paragraph 81 of the First Amended Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Digital Millennium Copyright Act ("DMCA") Safe Harbors)

Further answering the First Amended Complaint, and without waiving any other defenses, Defendants are protected by one or more of the DMCA Safe Harbors set forth in 17 U.S.C. § 512.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff fails to state a claim for copyright infringement for any work not referenced the First Amended Complaint or the exhibits attached to the First Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the doctrine of copyright misuse.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

### (Substantial Non-Infringing Use)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the doctrine of substantial non-infringing use. Defendants submit that Plaintiffs bear the burden of proving the doctrine's inapplicability.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate its damages, if any.

### TENTH AFFIRMATIVE DEFENSE

### (Fair Use)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the doctrine of innocent intent.

## TWELFTH AFFIRMATIVE DEFENSE

### (License)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by licenses, express or implied, granted or authorized to be granted by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Ownership)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the fact that Plaintiff does not own the copyrights at issue in this civil action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Register)

Further answering the First Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the fact that Plaintiff failed to register the copyrights at issue in this civil action in accordance with the law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Further answering the First Amended Complaint, and without waiving any other defenses, Defendant reserves its right to amend or supplement these Affirmative Defenses as more information becomes available or additional affirmative defenses are discovered.

## RELIEF REQUESTED

**WHEREFORE**, Defendants respectfully request the following relief:

1. A judgment in favor of Defendants denying Plaintiff all relief requested in the First Amended Complaint and dismissing Plaintiff's First Amended Complaint with prejudice;

2. That Defendants be awarded their costs, including reasonable attorney's fees; and

3. That the Court award Defendants such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

Dated: June 21, 2010

ANDERSON KILL & OLICK, P.C

By: _____
Michael J. Lane
Kaniskha Agarwala
Dennis J. Nolan
Raymond A. Mascia Jr.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

*Attorneys for Defendants Mansef, Inc. d/b/a Mansef Productions, Inc. and 6721851 Canada Inc. d/b/a Interhub, Inc.*