UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VENTURA CONTENT, AVV,<br><br>                    Plaintiff<br><br>    v.<br><br>MANSEF INC d/b/a MANSEF PRODUCTIONS,<br>INC.; 6721851 CANADA INC d/b/a INTERHUB,<br>INC.; D.C.I. DAILY CAPITAL INVESTMENTS<br>LIMITED, FROYTAL SERVICES LIMITED, and<br>9219-1568 QUEBEC INC. d/b/a/ MANWIN,<br><br>                    Defendants | <u>Civil Action No</u>. 10 CV 1149 (SAS)(AJP)<br><br>**DEFENDANTS' ANSWER TO<br>SECOND AMENDED COMPLAINT** |

Defendants, Mansef, Inc. d/b/a Mansef Productions, Inc. ("Mansef"), 6721851 Canada

Inc. d/b/a Interhub, Inc. ("Interhub"), D.C.I. Daily Capital Investments Limited ("D.C.I."),

Froytal Services Limited ("Froytal") and 9219-1568 Quebec Inc. d/b/a/ Manwin ("Manwin")

(collectively, "Defendants"), by and through their attorneys, answer Plaintiff Ventura Content,

AVV's ("Ventura" or "Plaintiff") Second Amended Complaint (the "Second Amended

Complaint") as follows:

## INTRODUCTION

1.      This Paragraph contains Plaintiff's characterization of this lawsuit and requires no

response.  If a response is required, Defendants admit that advancements in digital technology

have revolutionized how consumers inform and entertain themselves.  Defendants deny that they

seek to take advantage of the potential of digital technology by offering services intentionally

built on the exploitation of copyrighted works.  Defendants deny knowledge or information

sufficient to form a belief as to the remaining allegations in Paragraph 1 of the Second Amended Complaint.

2.      This Paragraph contains Plaintiff's characterization of this lawsuit and requires no response. If a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation that Ventura devotes substantial resources to develop and produce high quality, professionally-made adult videos and distribute them in conformity with the record keeping and labeling requirements imposed under Federal Law. Defendants deny the remaining allegations in Paragraph 2 of the Second Amended Complaint.

3.      Defendants admit that they have operated the websites at the domain names www.keezmovies.com, www.pornhub.com, www.extremetube.com, and www.tube8.com (collectively, the "Tube Sites"). Defendants deny the remaining allegations in Paragraph 3 of the Second Amended Complaint.

4.      Defendants deny the allegations in Paragraph 4 of the Second Amended Complaint.

5.      Defendants deny the allegations in Paragraph 5 of the Second Amended Complaint.

6.      Defendants admit that Paragraph 6 of the Second Amended Complaint quotes excerpts posted on the websites at the domain names www.pornhub.com, stating that "[t]he PornHub team is always updating and adding more porn videos every day. It's all here and 100% free porn", and www.extremetube.com, stating that "Fresh new porn videos are updated daily! Extreme tube is the one-stop shop for free hardcore sex porn tube videos." Defendants deny the remaining allegations in Paragraph 6 of the Second Amended Complaint.

2

7.   Defendants deny the allegations in Paragraph 7 of the Second Amended Complaint.

8.   The allegations in Paragraph 8 of the Second Amended Complaint call for a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 8 of the Second Amended Complaint.

## PARTIES

### Ventura

9.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Second Amended Complaint.

10.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Second Amended Complaint.

11.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Second Amended Complaint.

12.   Defendants deny that they have infringed (1) any copyrighted works or compilations allegedly owned by Plaintiff or (2) any works or compilations listed in Exhibit A to the Second Amended Complaint.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Second Amended Complaint.

### Defendants

13.   Defendants admit that Mansef is a federally incorporated Canadian company regulated by the Canada Business Corporations Act.  Defendants otherwise deny the allegations in Paragraph 13 of the Second Amended Complaint.

14.     Defendants state that 6721851 Canada Inc. d/b/a Interhub Inc. ("Interhub") is a federally incorporated Canadian company regulated by the Canada Business Corporations Act. Defendants otherwise deny the allegations in Paragraph 14 of the Second Amended Complaint.

15.     Defendants state that Defendant D.C.I. Daily Capital Investments Limited ("D.C.I.") is a corporation organized and existing under the laws of Cyprus. Defendants otherwise deny the allegations in Paragraph 15 of the Second Amended Complaint.

16.     Defendants state that Froytal Services Limited ("Froytal") is a corporation organized and existing under the laws of Cyprus. Defendants otherwise deny the allegations in Paragraph 16 of the Second Amended Complaint.

17.     Defendants state that 9219-1568 Quebec Inc. d/b/a/ Manwin ("Manwin") is a federally incorporated Canadian company regulated by the Canada Business Corporations Act.. Defendants otherwise deny the allegations in Paragraph 17 of the Second Amended Complaint

18.     Defendants deny the allegations in Paragraph 18 of the Second Amended Complaint.

## JURISDICTION AND VENUE

19.     Defendants incorporate by reference their responses to Paragraphs 1 to 18 as though fully set forth herein.

20.     Defendants state that the Second Amended Complaint speaks for itself, but deny that Plaintiff has a valid claim or is entitled to the relief requested.

21.     Defendants state that the allegations in Paragraph 21 of the Second Amended Complaint call for a legal conclusion to which a response is not required. If a response is required, Defendants deny that Plaintiff has a valid claim or is entitled to the relief requested.

22.     Defendants admit that they have consented to this Court's personal jurisdiction over them for purposes of only this action.

23.     Defendants state that the allegations in Paragraph 23 of the Second Amended Complaint call for a legal conclusion to which a response is not required. To the extent a response is required, Defendants deny the allegations of Paragraph 23 of the Second Amended Complaint.

## NATURE OF THE ACTION

24.     Defendant's deny the allegations in Paragraph 24 of the Second Amended Complaint that they have appropriated and/or exploited Plaintiff's copyrighted works. The remainder of Paragraph 24 of the Second Amended Complaint states legal conclusions to which no responsive pleading is required. To the extent a response is required, Defendants deny all of the allegations in Paragraph 24 of the Second Amended Complaint.

25.     Defendants admit that the Tube Sites provide access to their respective libraries of online adult videos that Internet users may view free of charge. Defendants deny the remaining allegations in Paragraph 25 of the Second Amended Complaint.

26.     Defendants admit the allegations in Paragraph 26 of the Second Amended Complaint and are one method for a user to gain access to the Tube Sites.

27.     Defendants deny the allegations in Paragraph 27 of the Second Amended Complaint.

28.     Defendants admit that users view content on the Tube Sites by clicking on a thumbnail. Defendants deny the remaining allegations in Paragraph 28 of the Second Amended Complaint.

29.     Defendants admit that Paragraph 29 of the Second Amended Complaint quotes an excerpt posted on the website at the domain name www.pornhub.com that states "The PornHub team is always updating and adding more porn videos every day. It's all here and 100% free porn." Defendants deny the remaining allegations in Paragraph 29 of the Second Amended Complaint.

30.     Defendants admit that the website at the domain name www.keezmovies.com lists the professional names of select actors and videos featuring those actors. Defendants further admit that both the Keez site and the Extremetube site require users to check a box to note whether the video is "professional" or "homemade." Defendants deny the remaining allegations in Paragraph 30 of the Second Amended Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Second Amended Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Second Amended Complaint.

33.     Defendants deny the allegations in Paragraph 33 of the Second Amended Complaint.

34.     Defendants deny the allegations in Paragraph 34 of the Second Amended Complaint.

35.     Defendants admit that Paragraph 35 of the Second Amended Complaint quotes an excerpt from the "Terms & Conditions" posted on the website at the domain name www.keezmovies.com. Defendants deny the remaining allegations of Paragraph 35 of the Second Amended Complaint.

6

36. Defendants deny the allegations in Paragraph 36 of the Second Amended Complaint.

37. Defendants deny the allegations in Paragraph 37 of the Second Amended Complaint.

38. Defendants deny the allegations in Paragraph 38 of the Second Amended Complaint

## ANSWER TO CLAIMS FOR RELIEF

### COUNT I

#### (Direct Copyright Infringement – Public Performance)

39. Defendants incorporate by reference their responses to Paragraphs 1 to 38 of the Second Amended Complaint as though fully set forth herein.

40. Defendants deny the allegations of Paragraph 40 of the Second Amended Complaint.

41. Defendants deny the allegations of Paragraph 41 of the Second Amended Complaint.

42. Defendants deny the allegations of Paragraph 42 of the Second Amended Complaint.

43. Defendants deny the allegations of Paragraph 43 of the Second Amended Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Second Amended Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Second Amended Complaint.

## COUNT II

### (Direct Copyright Infringement – Public Display)

46. Defendants incorporate by reference their responses to Paragraphs 1 to 45 of the Second Amended Complaint as though fully set forth herein.

47. Defendants deny the allegations of Paragraph 47 of the Second Amended Complaint.

48. Defendants deny the allegations of Paragraph 48 of the Second Amended Complaint.

49. Defendants deny the allegations of Paragraph 49 of the Second Amended Complaint.

50. Defendants deny the allegations of Paragraph 50 of the Second Amended Complaint.

51. Defendants deny the allegations of Paragraph 51 of the Second Amended Complaint.

52. Defendants deny the allegations of Paragraph 52 of the Second Amended Complaint.

## COUNT III

### (Infringement of Ventura's Distribution Rights)

53. Defendants incorporate by reference their responses to Paragraphs 1 to 52 of the Second Amended Complaint as though fully set forth herein.

54. Defendants deny the allegations of Paragraph 54 of the Second Amended Complaint.

55.     Defendants deny the allegations of Paragraph 55 of the Second Amended
Complaint.

56.     Defendants deny the allegations of Paragraph 56 of the Second Amended
Complaint.

57.     Defendants deny the allegations of Paragraph 57 of the Second Amended
Complaint.

58.     Defendants deny the allegations of Paragraph 58 of the Second Amended
Complaint.

59.     Defendants deny the allegations of Paragraph 59 of the Second Amended
Complaint.

## COUNT IV

### (Contributory Copyright Infringement)

60.     Defendants incorporate by reference their responses to Paragraphs 1 to 59 of the
Second Amended Complaint as though fully set forth herein.

61.     Defendants deny the allegations of Paragraph 61 of the Second Amended
Complaint.

62.     Defendants deny the allegations of Paragraph 62 of the Second Amended
Complaint.

63.     Defendants deny the allegations of Paragraph 63 of the Second Amended
Complaint.

64.     Defendants deny the allegations of Paragraph 64 of the Second Amended
Complaint.

65.     Defendants deny the allegations of Paragraph 65 of the Second Amended
Complaint.

66.     Defendants deny the allegations of Paragraph 66 of the Second Amended
Complaint.

67.     Defendants deny the allegations of Paragraph 67 of the Second Amended
Complaint.

## COUNT V

### (Vicarious Copyright Infringement)

68.     Defendants incorporate by reference their responses to Paragraphs 1 to 67 of the
Second Amended Complaint as though fully set forth herein.

69.     Defendants deny the allegations of Paragraph 69 of the Second Amended
Complaint.

70.     Defendants deny the allegations of Paragraph 70 of the Second Amended
Complaint.

71.     Defendants deny the allegations of Paragraph 71 of the Second Amended
Complaint.

72.     Defendants deny the allegations of Paragraph 72 of the Second Amended
Complaint.

73.     Defendants deny the allegations of Paragraph 73 of the Second Amended
Complaint.

74.     Defendants deny the allegations of Paragraph 74 of the Second Amended
Complaint.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Digital Millennium Copyright Act ("DMCA") Safe Harbors)

Further answering the Second Amended Complaint, and without waiving any other defenses, Defendants are protected by one or more of the DMCA Safe Harbors set forth in 17 U.S.C. § 512.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Further answering the Second Amended Complaint, and without waiving any other defenses, Plaintiff fails to state a claim for copyright infringement for any work not referenced the Second Amended Complaint or the exhibits attached to the Second Amended Complaint.

## THIRD AFFIRMATIVE DEFENSE

### (Copyright Misuse)

Further answering the Second Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the doctrine of copyright misuse.

## FOURTH AFFIRMATIVE DEFENSE

### (Estoppel)

Further answering the Second Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

Further answering the Second Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Further answering the Second Amended Complaint, and without waiving any other

defenses, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Further answering the Second Amended Complaint, and without waiving any other

defenses, Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

### (Substantial Non-Infringing Use)

Further answering the Second Amended Complaint, and without waiving any other

defenses, Plaintiff's claims are barred in whole or in part by the doctrine of substantial non-

infringing use. Defendants submit that Plaintiffs bear the burden of proving the doctrine's

inapplicability.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Further answering the Second Amended Complaint, and without waiving any other

defenses, Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate its

damages, if any.

### TENTH AFFIRMATIVE DEFENSE

### (Fair Use)

Further answering the Second Amended Complaint, and without waiving any other

defenses, Plaintiff's claims are barred in whole or in part by the doctrine of fair use.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Innocent Intent)

Further answering the Second Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the doctrine of innocent intent.

## TWELFTH AFFIRMATIVE DEFENSE

### (License)

Further answering the Second Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by licenses, express or implied, granted or authorized to be granted by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Ownership)

Further answering the Second Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the fact that Plaintiff does not own the copyrights at issue in this civil action.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Register)

Further answering the Second Amended Complaint, and without waiving any other defenses, Plaintiff's claims are barred in whole or in part by the fact that Plaintiff failed to register the copyrights at issue in this civil action in accordance with the law.

## FIFTEENTH AFFIRMATIVE DEFENSE

Further answering the Second Amended Complaint, and without waiving any other defenses, Defendant reserves its right to amend or supplement these Affirmative Defenses as more information becomes available or additional affirmative defenses are discovered.

## RELIEF REQUESTED

**WHEREFORE**, Defendants respectfully request the following relief:

1.      A judgment in favor of Defendants denying Plaintiff all relief requested in the Second Amended Complaint and dismissing Plaintiff's Second Amended Complaint with prejudice;

2.      That Defendants be awarded their costs, including reasonable attorney's fees; and

3.      That the Court award Defendants such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants demand a trial by jury on all issues so triable.

Dated: October 4, 2010

**ANDERSON KILL & OLICK, P.C**

By: _____

Michael J. Lane
Kanishka Agarwala
Dennis J. Nolan
Raymond A. Mascia Jr.
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733

*Attorneys for Defendants Mansef, Inc. d/b/a Mansef*
*Productions, Inc.; 6721851 Canada Inc. d/b/a*

*Interhub, Inc.; D.C.I. Daily Capital Investments Limited, Froytal Services Limited,; and 9219-1568 Quebec Inc. d/b/a/ Manwin.*